UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LAVAR JOHNSON, # 258779,

          Petitioner,

v.                                                  Case Number: 09-cv-14083
                                                  Honorable Patrick J. Duggan

GREG MCQUIGGIN,

          Respondent.
_____/

**OPINION AND ORDER
(1) GRANTING RESPONDENT'S MOTION TO DISMISS, (2) DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS, (3) DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY, AND (4) DENYING AN APPLICATION
FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

Derrick Lavar Johnson ("Petitioner"), a state prisoner currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of his state criminal convictions for first-degree murder, Michigan Compiled Laws § 750.316a, and felony-firearm, Michigan Compiled Laws § 750.227b(A). Greg McQuiggin ("Respondent"), through counsel, filed a motion to dismiss and for summary judgment, arguing that the petition was not timely filed under 28 U.S.C. § 2244(d)(1). Petitioner has not filed a response to Respondent's motion. After reviewing the petition and motion, the Court concludes that the petition is untimely, and therefore grants Respondent's motion to dismiss. The Court also declines to issue Petitioner a certificate of appealability, and denies him leave to proceed on appeal *in forma pauperis*.

# I. BACKGROUND

In August 1997, Petitioner was convicted by a jury in Saginaw County Circuit Court of the above-stated charges. He was sentenced to life in prison for the first-degree murder conviction and the mandatory two years in prison for the felony-firearm conviction.

Petitioner filed his direct appeal with the Michigan Court of Appeals in December 1997. On August 31, 1999, the Court of Appeals affirmed his convictions and sentences. *People v. Johnson*, No. 207982, 1999 WL 33437799 (Mich. Ct. App. Aug. 31, 1999). Petitioner then filed a delayed application for leave to appeal to the Michigan Supreme Court, which was denied on April 25, 2000. *People v. Johnson*, 461 Mich. 1016, 622 N.W.2d 523 (Mich. 2000).

On August 9, 2007, Petitioner filed a motion for relief from judgment with the trial court, pursuant to Michigan Court Rule 6.508(D). The trial court denied the motion on August 17, 2007. *People v. Johnson*, No. 97-013409-FC-1 (Saginaw County Circuit Court, Aug. 17, 2007). Petitioner filed a delayed application for leave to appeal this decision to the Michigan Court of Appeals, which was denied on April 4, 2008. *People v. Johnson*, No. 280712 (Mich. Ct. App. Apr. 4, 2008). On October 27, 2008, the Michigan Supreme Court denied Petitioner's application for leave to appeal, finding that "defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Johnson*, 482 Mich. 1032, 769 N.W.2d 199 (Mich. 2008).

Petitioner filed his habeas petition with this Court on October 15, 2009. The

petition was dated October 12, 2009. In his *pro se* application, Petitioner raises the following claims: (1) prosecutorial misconduct, (2) trial court error in admitting certain photographs, (3) ineffective assistance of trial and appellate counsel, and (4) trial court error in denying his motion for relief from judgment.

## II. DISCUSSION

### A. Applicable Law

Respondent argues that the petition should be dismissed as untimely. The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the Act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas corpus petitions. 28 U.S.C. § 2244(d)(1); *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007), *cert. denied*, 552 U.S. 1192, 128 S. Ct. 1236 (2008). Petitioner's application for habeas corpus relief was filed after April 24, 1996, and thus the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to his application. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068 (1997).

Title 28 of the United States Code, sections 2244(d)(1)(A) through (D) state in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the

3

> conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner does not claim any impediment to filing, nor does he rely on any new constitutional right recognized by the Supreme Court. He also does not claim that he was unaware of the factual predicate of his claim. Accordingly, § 2244(d)(1)(A) applies to his petition. Under § 2244(d)(1)(A), the one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." Sup. Ct. R. 13.

The one-year limitations period expressed in § 2244(d)(1) operates as a statute of limitations, rather than as a jurisdictional bar to habeas corpus petitions. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001). The running of the statute of limitations is tolled when "a properly filed application for state post-conviction or other

collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181, 121 S. Ct. 2120, 2129 (2001) (limiting the tolling provision to only state, and not federal, processes). The limitations period is tolled during the time period between the state appellate court's decision and the state supreme court's decision. *Carey v. Saffold*, 536 U.S. 214, 219-20, 122 S.Ct. 2134, 2137-38 (2002); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003). An application is "properly filed" when its delivery and acceptance by the state court comply with the state laws and rules governing filings. *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000). Untimely motions are not "properly filed" and will not stop the one-year clock. *Id.*

A properly filed application for state post-conviction relief, while tolling the limitations period, does not start a new limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Tolling is only effective when collateral review is properly sought within the limitations period. *Id.* In Michigan, a petitioner may challenge the validity of the judgment of conviction by filing a motion for relief from judgment under the terms of Michigan Court Rule 6.500 *et. seq.* After completion of state-court collateral review, the limitations period is not tolled during the pendency of a certiorari petition in the United States Supreme Court seeking review of the denial of state post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327, 332, 127 S. Ct. 1079, 1083 (2007).

B. **Timeliness of Petition**

In this case, Petitioner did not file his habeas petition within the statute of

5

limitations period. Petitioner's application for leave to appeal to the Michigan Supreme Court was denied on April 25, 2000. Petitioner then had ninety days from that Order, or until July 24, 2000, in which to seek a writ of certiorari from the United States Supreme Court. Sup. Ct. R. 13. Thus, for statute of limitations purposes, Petitioner's conviction became final on or about July 24, 2000. The limitations period commenced the following day, July 25, 2000, and continued to run uninterrupted until it expired on July 25, 2001. Accordingly, Petitioner was required to file his habeas petition on or before July 25, 2001, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

On August 9, 2007, six years later, Petitioner filed a post-conviction motion in state court. The limitations period had already expired when Petitioner filed his motion for post-conviction relief. That untimely motion did not toll or restart the statue of limitations.

Petitioner's habeas petition was dated October 12, 2009. It was filed with this Court on October 15, 2009, over eight years after the expiration of the one-year statute of limitations. Petitioner is therefore barred from habeas relief by the untimely filing of his petition.

### C. Equitable Tolling and Actual Innocence

The statute of limitations for habeas actions is subject to equitable tolling. *Holland v. Florida*, -- U.S. --, 130 S. Ct. 2549, 2560 (2010); *Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002). A habeas petitioner is entitled to equitable tolling "if he shows '(1) that

6

he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005)).  A petitioner has the burden of demonstrating that he is entitled to equitable tolling.  *Griffin*, 308 F.3d at 653.

The Sixth Circuit has held that a petitioner's credible claim of actual innocence may equitably toll the AEDPA's one-year statute of limitations.  *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005).  "Where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Id.* at 602.  A claim of actual innocence requires a petitioner to support his allegations of constitutional error with "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Id.* at 590 (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 865 (1995)).  Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998)).

In this case, the Court finds that Petitioner is not entitled to equitable tolling.  He has failed to establish that he was unaware of the filing requirement or that he diligently pursued his rights.  The Court also finds that Petitioner has failed to show that he is entitled to equitable tolling because he is actually innocent.  Having failed to establish entitlement to either statutory or equitable tolling, Petitioner's habeas petition is

dismissed as untimely.

### D. Certificate of Appealability

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a circumstance, no appeal is warranted. *Id.*

The Court declines to issue Petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner had filed his habeas petition outside of the one-year limitations period. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).

8

Nor should Petitioner be granted an application for leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Respondent's "Motion to Dismiss" [Doc. 7] is **GRANTED**, and Petitioner's "Petition for Writ of Habeas Corpus" [Doc. 1] is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue Petitioner a certificate of appealability and **DENIES** him an application for leave to appeal *in forma pauperis*.

s/PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

DATED: September 13, 2010

Copies To:

Derrick Lavar Johnson, #258779
Chippewa Correctional Facility
4269 W. M-80
Kincheloe, MI 49784

Raina Korbakis, Assistant Attorney General
Magistrate Judge Donald A. Scheer

9